■ GAIL GREENBERG, Respondent, v. PAUL GREENBERG, Appellant.— In an action in which a judgment was entered September 12, 1972 in the Supreme Court, Kings County, after a nonjury trial, granting plaintiff a divorce, alimony, child support and counsel fees, defendant appeals from portions of four orders of said court, as follows: from so much of (1) an order dated September 8, 1972 as (a) directed a money judgment to be entered in favor of plaintiff for arrears of temporary alimony and (b) denied defendant's cross motion to vacate a previous order awarding temporary alimony and child support; (2) an order

dated September 15, 1972 as (a) directed a hearing on plaintiff's motion to punish defendant for contempt and (b) denied defendant's motion to modify the order awarding temporary alimony; (3) an order dated November 17, 1972 as (a) denied defendant's motions to renew his prior motions with respect to temporary alimony and (b) denied defendant's motion to modify the judgment; and (4) an order dated March 9, 1973 and made after a hearing as (a) directed a money judgment to be entered in favor of plaintiff, (b) awarded plaintiff additional counsel fees and (c) denied various relief sought by defendant. Orders dated September 8, 1972, September 15, 1972 and November 17, 1972 affirmed insofar as appealed from, without costs. No opinion. Order dated March 9, 1973 modified by striking therefrom the denial of defendant's motion to modify the judgment as to visitation and by substituting therefor a provision granting that motion to the extent of providing for visitation in addition to that provided for in the judgment as follows: "Defendant may have additional visitation as follows: Defendant may take his son, Mark, to a week-night baseball game once a week. Defendant may not break up the vacations of the children if they are away from home with their mother during Christmas or Easter vacations. Defendant and plaintiff should share Seder nights, with defendant being granted the right to have the children with him at the second Seder. Defendant shall have visitation with the children on Father's Day, defendant's birthday, the birthdays of defendant's parents and the birthdays of the children in alternate years. Defendant may be present at graduation ceremonies, weddings, confirmations and Bar Mitzvah of the children, but not at the children's birthday celebrations in alternate years at the home of the mother." As so modified, order dated March 9, 1973 affirmed insofar as appealed from, without costs. In our opinion, the additional visitation hereby granted to defendant is in accord with the provision for reasonable visitation in the judgment of divorce. Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.